

**ORDERED in the Southern District of Florida on December 12, 2012.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | Chapter 11 |
| ARROW AIR, INC. AND | Case No. 10-28831-BKC-AJC |
| ARROW AIR HOLDINGS CORP. | Case No. 10-28834-BKC-AJC |
| | (Jointly Administered under |
| Debtors.              / | Case No. 10-28831-BKC-AJC) |
| BARRY E. MUKAMAL, Liquidating Trustee, on behalf of the Arrow Air Creditor Trust, | Adv. No. 12-1710-BKC-AJC-A |
| Plaintiff, | |
| v. | |
| AMERICAN EXPRESS COMPANY, | |
| Defendant.            / | |

**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S
<u>MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND</u>**

This matter is before the Court upon the *Motion to Dismiss Plaintiff's Adversary Complaint to Avoid and Recover Avoidable Transfers* [ECF No. 13] (the "Motion to Dismiss"), filed by American Express Company ("Defendant"), and upon the Response to the Motion to Dismiss [ECF No. 49] filed by filed by Barry E. Mukamal ("Trustee" or "Plaintiff"), in his capacity as Liquidating Trustee of the Arrow Air Creditor Trust, successor to and representative of the bankruptcy estates of Arrow Air, Inc. ("Arrow") and Arrow's parent company, Arrow Air Holdings Corp. ("Holdings") (collectively, Arrow and Holdings are the "Debtors").  The Court held a hearing on the Motion to Dismiss and the Response on November 8, 2012, and considered the arguments of counsel for the Defendant and the Trustee.  For the reasons set forth herein, the Court dismisses Count I (the "Preference Claim") and Counts II through VI (the "Fraudulent Transfer Claims") of the *Adversary Complaint to Avoid and Recover Avoidable Transfers* [ECF No. 1] (the "Complaint") without prejudice. The Trustee is granted leave to file an amended Preference Claim and Fraudulent Transfer Claims in accordance with the instructions herein within twenty days after entry of this Memorandum Decision.

At the hearing, counsel for the Defendant requested the Court to take judicial notice of the case dockets of the bankruptcy cases of Arrow and Holdings, the docket of the above-captioned adversary proceeding (the "Adversary Proceeding"), and the dockets of certain adversary proceedings also associated with the bankruptcy cases of Arrow and Holdings.  The Court is authorized to take judicial notice of such matters and does so for purposes of considering the Motion to Dismiss.  *Sharifeh v. Fox (In re Sharif),* 457 B.R. 702, 707 (Bankr. N.D. Ill. 2011) (a court is authorized to take judicial notice of related matters and proceedings before the same court).

2

**BACKGROUND**

The Trustee filed the six-count Complaint against Defendant on June 28, 2012.  Pursuant to the Preference Claim, the Trustee seeks to avoid and recover $390,402.05.  There are five Fraudulent Transfer Claims, and pursuant to each one, the Trustee seeks to avoid and recover $6,010,382.01, inclusive of the Preference Claim amount.  The Fraudulent Transfer Claims, Counts II and V, are brought pursuant to 11 U.S.C. §§ 544 and 548 and Fla. Sta. § 726.105(1)(a) (the "Actual Fraud Claims"), and Counts III, IV and VI are Fraudulent Transfer Claims brought pursuant to 11 U.S.C. §§ 544 and 548 and Fla. Sta. §§ 726.105(1)(b) and 726.106(1) (the "Constructive Fraud Claims").  Exhibits "A" and "B" attached to the Complaint allege the amount of each transfer, a transfer date, and a corresponding check or wire number.  The Exhibits also reflect that Arrow made all of the alleged transfers to Defendant.

The Complaint alleges that Arrow and Holdings filed separate petitions for Chapter 11 bankruptcy relief on June 30, 2010 (the "Petition Date"), Compl. ¶ 1, and that prior to the Petition Date, "Arrow was a Miami-based air cargo carrier that provided comprehensive cargo logistics services between the United States, Central and South America, and the Caribbean." (Compl. ¶ 6.)  The Complaint further alleges that before filing for relief under Chapter 11, "Arrow operated over 60 weekly scheduled cargo flights to 20 destinations and provided cargo services to more than 3,500 customers worldwide, including, among others, international and domestic freight forwarders, integrated carriers, passengers and cargo airlines, the U.S. Department of Defense and the United States Postal Service." (Compl. ¶ 7.)

With respect to the elements of the Preference Claim, the Trustee alleged the following under Count I, which allegations ostensibly track the statutory language of 11 U.S.C. § 547(b):

21. The Transfers were made:

    a. to or for the benefit of the Defendant, who, at all relevant times, was a creditor of the Debtor who made the particular Transfer;

    b. for or on account of an antecedent debt owed by the particular Debtor to the Defendant before such Transfers were made; and

    c. while the Debtors were insolvent.

22. The Transfers to each of the Defendant[1] enabled the each Defendant to receive more than it would have received if:

    a. this case were a case under Chapter 7 of the Bankruptcy Code;

    b. the Transfers had not been made; and

    c. the Defendant received a payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

23. By reason of the forgoing, the Transfers are avoidable by Plaintiff on behalf of the estate pursuant to 11 U.S.C. § 547(b).

24. Plaintiff is entitled to recover the amount or value of the Transfers from the respective Defendant pursuant to 11 U.S.C. § 550(a).

(Compl. at 5.)

The Complaint addresses the elements of the Fraudulent Transfer Claims by tracking the relevant statutory language. Only paragraphs 16 and 17 in the Complaint include factual allegations, which are vague and speculative. They allege as follows:

---

[1] The Court notes that the language supporting the Preference Claim and the Fraudulent Transfer Claims are clearly boilerplate allegations included in many of the complaints filed in avoidance actions associated with the Debtors' bankruptcy cases. Here, there is only one Defendant, yet it appears the form allegations were lifted from a complaint against two or more defendants.

16. Specifically, with respect to the Two Year Transfers, the Debtors made large charges to companies that were not creditors of the Debtors and who provided no consideration to the Debtors. In addition, excessive charges were made at adult entertainment establishments that provided no benefit to the Debtors.

17. In addition, Arrow paid certain amounts to Defendant under Arrow's "American Express Corporate Card" program that, upon information and belief, were made with the intent to hinder or delay payments to certain other of the Debtors' creditors.

(Compl. at 4.) The Complaint does not contain additional facts to identify what charges were made to companies that were not creditors and/or who provided no consideration. It also does not contain additional support to identify what charges (including the dollar amount of any such charges) were made at adult entertainment establishments, or to identify the Trustee's theory that the transfers did not benefit the Debtors. Further, the Complaint does not allege additional facts to identify the Trustee's information and the basis for his belief that the transfers were actually fraudulent.

Each of the Actual Fraud Claims is supported by statements that the transfers listed in Exhibit "B" were made with actual intent to hinder or delay the Debtor's creditors. (Compl. ¶¶ 27, 40.) The alleged badges of fraud listed under Counts II and V are:

(i) the Debtors were insolvent

(ii) the Debtors were not paying their debts as they became due; and

(iii) Defendant knew or had reason to know of the Debtors' substantially impaired financial condition.

(Compl. ¶¶ 29, 42.) The Complaint does not contain a single factual basis for an inference that Defendant knew or had reason to know of Arrow's alleged insolvency.

5

Each of the Constructive Fraud Claims is supported by statements that the transfers listed in Exhibit "B" were made by Arrow in exchange for less than reasonably equivalent value. (Compl. ¶¶ 32, 36, 45.) However, the Complaint does not contain a single factual basis which would allow for an inference to support the Trustee's allegation.

## CONCLUSIONS OF LAW

I. **Legal Standard Governing the Motion to Dismiss**

Rule 8(a)(2) of the Federal Rules of Civil Procedure, made applicable in this Adversary Proceeding by Rule 7008(a) of the Federal Rules of Bankruptcy Procedure, requires a complaint to allege "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Showing "entitlement to relief requires more than labels and conclusions, and ***a formulaic recitation of the elements of a cause of action will not do.***" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation omitted; emphasis added). "A complaint must . . . contain sufficient factual allegations to nudge the claim for relief from the realm of conceivable to plausible." *Roberts v. Balasco (In re Ernie Haire Ford, Inc.)*, 459 B.R. 824, 835 (Bankr. M.D. Fla. 2011). If not, dismissal is required. *Id.*

When actual fraud claims are alleged, as they are in the Complaint, pleading standards are even higher. *In re Ernie Haire Ford, Inc.,* 459 B.R. at 836-838 (explaining that facts describing the "time, place and substance" of the fraud must be alleged and noting that relaxed pleading standards may apply to a statutory trustee but not to a liquidating agent, such as the Trustee in this case). To sufficiently allege fraud, "a party must state with particularity the circumstances constituting [the] fraud." F. R. Civ. P. 9(b). Thus, a complaint must include allegations of "facts amounting to deception in one form or another." *Hassett v. Zimmerman (In*

6

*re O.P.M. Leasing Servs., Inc.)*, 32 B.R. 199, 203 (Bankr. S.D.N.Y. 1983) (quoting *Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111, 116 (2d Cir.1982)).

A determination of whether the allegations in the Complaint are sufficient is "a context-specific task" in which the Court "draw[s] on its judicial experience and common sense." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009).  **The mandate that a court must accept all allegations in a complaint as true for purposes of considering whether a claim should survive a motion to dismiss does not apply to legal conclusions.** *Id.* at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* After disregarding legal conclusions, the Court may assume the veracity of remaining well-pleaded facts to assess whether the Trustee's Complaint states a claim upon which relief may be granted. *Id.* at 1950. If pleading deficiencies in the Complaint cannot be cured as instructed herein, the Court may deny the Trustee leave to make future amendments. *Official Committee of Unsecured Creditors v. Hancock Park Capital II, L.P. (In re Fitness Holdings Int'l, Inc.)*, Case No. CV 10–0647 AG, 2011 WL 7763674 at *3 (C.D. Cal. Aug. 31, 2011).

II.     **The Trustee Did Not Sufficiently Plead The Preference Claim.**

Pursuant to 11 U.S.C. § 547(b), Count I seeks the avoidance of transfers totaling $390,402.05 as preferential. To sufficiently allege the Preference Claim against Defendant, there must be sufficient facts in the Complaint to plausibly show: (a) Defendant was a creditor; (b) the transfers were made to or for the benefit of Defendant; (c) the transfers were for or on account of antecedent debt of Arrow; (d) Arrow was insolvent when the transfers were made; and (e)

Defendant received the transfers and would have received less than $390,402.05 in a case under Chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. § 547(b).

Taking judicial notice of the claims registers in the Debtors' bankruptcy cases, the Court notes that Defendant did not file a proof of claim. The Complaint does not otherwise identify any facts which would allow the Court to make an inference regarding the existence of Arrow's antecedent debt to Defendant. *Compare, Bensimon v. Nexen Pruet, LLC (In re Crescent Resources, LLC)*, Adv. Proc. No. 11–01082–CAG, 2012 WL 195528 at * 7 (Bankr. W.D. Tex. Jan. 23, 2012) (dismissing a preference claim supported by a schedule of transfers, similar to Exhibit "A" attached to the Complaint in this case, because the preference claim did not allege facts to support the existence of an antecedent debt or the nature of the relationship between the debtor and creditor). Also, the Complaint does not include any factual allegations which would allow the Court to make an inference that the Defendant would have received less than $390,402.05 in a case under Chapter 7 of the Bankruptcy Code. Consequently, the Preference Claim must be dismissed for failure to state a claim.

The Trustee is granted leave to amend the Preference Claim, and such amendment shall include factual allegations regarding the antecedent debt between Arrow and Defendant and regarding the basis for any allegation that Defendant would have received less in a case under Chapter 7.

**III.    The Trustee Did Not Sufficiently Plead The Actual Fraud Claims.**

Pursuant to 11 U.S.C. § 548(a)(1)(A) and Fla. Stat. § 726.105(1)(a), made applicable by 11 U.S.C. § 544(b), Counts II and V of the Complaint seek the avoidance of $6,010,382.01 in transfers as actually fraudulent. Because the elements to state a cause of action under 11 U.S.C. § 548(a)(1)(A) and Fla. Stat. § 726.105(1)(a) are similar, it is appropriate to simultaneously

8

assess the sufficiency of the facts alleged in the Complaint to support Counts II and V. *Kapila v. WLN Family Ltd. P'ship (In re Leneve),* 341 B.R. 53, 56, n. 1 (Bankr. S.D. Fla. 2006).

To allege plausible Actual Fraud Claims, the Complaint must include facts that show: (a) "a transfer of property"; (b) "the property transferred belonged to the debtor"; and (c) "the debtor made the transfer[s] with the intent to hinder, delay, or defraud creditors." *Id.* at 56. As required under Rule 9(b) of the Federal Rules of Civil Procedure, the Complaint must particularly allege facts supporting badges of the Arrow's fraud.[2] *See Picard v. Madoff (In re Bernard L. Madoff Inc. Sec. LLC)*, Adv. Proc. No. 09–1503 (BRL), 2011 WL 4434632 at *6 (Bankr. S.D.N.Y. Sept. 22, 2011) ("Pleadings . . . must be particular enough to fulfill Rule 9(b)'s purpose: "to protect the defending party's reputation, to discourage meritless accusations, and to provide detailed notice of fraud claims to defending parties."). *See also Liquidation Trust v. Daimler AG (In re Old CarCo LLC),* 435 B.R. 169, 191 (Bankr. S.D.N.Y. 2010) (dismissing fraudulent transfer claims for failure to allege the requisite fraudulent motive and noting that, when fraud is based on

---

[2] The Eleventh Circuit Court of Appeals has provided the following examples that may demonstrate a debtor's fraudulent intent:
  (1)   The transfer was to an insider;
  (2)   The debtor retained possession or control of the property transferred after the transfer;
  (3)   The transfer was disclosed or concealed;
  (4)   Before the transfer was made the debtor had been sued or threatened with suit;
  (5)   The transfer was of substantially all the debtor's assets;
  (6)   The debtor absconded;
  (7)   The debtor removed or concealed assets;
  (8)   The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred;
  (9)   The debtor was insolvent or became insolvent shortly after the transfer was made;
  (10)  The transfer occurred shortly before or shortly after a substantial debt was incurred; and
  (11)  The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*Dionne v. Keating (In re XYZ Options, Inc.),* 154 F.3d 1262, 1272 (11th Cir. 1998). *Compare* Fla. Stat. § 726.105(2)(a)-(k).

information and belief, "the complainant must set forth the facts upon which the belief is based."); *In re Ernie Haire Ford, Inc.,* 459 B.R. at 838 (requiring any amended complaint to identify the "particular alleged fraudulent transactions" at issue).

Here, the Actual Fraud Claims fail as a matter of law as pled because the Complaint does not sufficiently allege any factual matter which would allow the Court to infer that Arrow made the transfers with actual intent to hinder or delay a creditor. As explained above, the allegations of badges of fraud are conclusory statements that are also not supported by facts. Further, paragraphs 16 and 17, which are the only two paragraphs in the Complaint that contain factual allegations, although vague, are not sufficient to establish, even for pleading purposes, Arrow's intent. Both Actual Fraud Claims are inadequately pled. Consequently, they must be dismissed without prejudice for failure to state a claim.

The Trustee is granted leave to amend the Actual Fraud Claims, to include specific factual allegations regarding Arrow's intent to hinder and delay its creditors.

## IV.   The Trustee Did Not Sufficiently Plead The Constructive Fraud Claims.

The Constructive Fraud Claims are asserted by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(B) and Fla. Stat. §§ 726.105(1)(b) and 726.106(1), made applicable by 11 U.S.C. § 544(b). Because the elements necessary to state a claim for constructive fraud under these statutes are similar, it is appropriate to simultaneously assess the sufficiency of the facts alleged in the Complaint to support these claims. *Tolz v. Miller (In re Todd),* 391 B.R. 504, 508 (Bankr. S.D. Fla. 2008); *Venice–Oxford Assoc. Ltd. P'ship v. Multifamily Mortgage Trust 1996–1 (In re Venice–Oxford Assoc. Ltd. P'ship)*, 236 B.R. 820, 834 (Bankr. M.D. Fla. 1999).

To plausibly allege the Constructive Fraud Claims, the Complaint must include sufficient factual allegations which would permit the Court to draw an inference that: (a) Arrow received

less than reasonably equivalent value in exchange for the alleged transfers; and (b) (i) Arrow was insolvent at the time of the transfers or rendered insolvent from the transfers; or (ii) Arrow was engaged in business or a transaction and any remaining property or assets of Arrow were unreasonably small; or (iii) Arrow intended to incur debts beyond its ability to pay them upon maturity; or (iv) Arrow made the alleged transfers for the benefit of an insider under an employment contract and not in the ordinary course of business.  11 U.S.C. § 548(a)(1)(B)(I)-(IV).

To sufficiently allege that Arrow did not receive reasonably equivalent value for making the transfers, the Trustee must state facts to plausibly "show that the debtor received less than was given . . ." *Welt v. Publix Super Markets, Inc. (In re Phoenix Diversified Inv. Corp.)*, Adv. No. 10-03005-BKC-EPK-A, 2011 WL 2182881 at *5 (Bankr. S.D. Fla. June 2, 2011).  Here, the Complaint fails to state to what extent charges constitute "excessive charges" and explain why the alleged charges did not provide reasonably equivalent value to Arrow.

The Constructive Fraud claims are insufficiently stated and must be dismissed without prejudice.  The Trustee is granted leave to amend the Constructive Fraud Claims, to include specific factual allegations regarding the value of the goods or services provided and explain in some detail how such amounts are less than reasonably equivalent value.

The Court concludes that the Trustee has not met his burden of properly pleading any claims in the Complaint.  Accordingly, based on the forgoing, it is

ORDERED AND ADJUDGED that the Motion to Dismiss is GRANTED, and the Trustee shall have twenty days from the entry of this Memorandum Decision to file an amended Preference Claim and Fraudulent Transfer Claims.

###

Submitted By:
Jennifar M. Hill, Esq.
LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
*Attorneys for American Express Company*
201 South Biscayne Blvd., 22nd Floor
Miami, FL 33131
Telephone: 305.403.8788
Facsimile: 305.403.8789
E-mail: jmh@lklsg.com
Copy Furnished To: Jennifar M. Hill, Esq.
(Attorney Hill is directed to serve a conformed copy of this Order upon all parties in interest, and to file a Certificate of Service with the Court confirming such service.)